ROYAL BANK OF CANADA, PLAINTIFF AND APPELLEE, *v.* A. McCORMICK & CO. ET AL., DEFENDANTS (MUÑOZ APPELLANT).

APPEAL from the District Court of Guayama in an Action of Debt.

No. 1892.—Decided May 29, 1919.

APPEAL—TRANSCRIPT OF RECORD—BRIEF.—If the transcript is not clearly written and the brief of the appellant does not contain a specific assignment of errors separate from the discussion, the Supreme Court, in accordance with Rule 43, will consider only the most important matters in order to show that they are not errors or are not fundamental.

DEBTOR—SURETY—EXCUSSION.—The allegation of a complaint that the debtor had no property from a time previous to the maturity of the note is a sufficient compliance with the rule that the surety cannot be sued until all the remedies against the debtor have been exhausted, especially as the surety is under the obligation to point out the realizable property of the debtor.

FOREIGN CORPORATION—PROMISSORY NOTE—EVIDENCE.—As the Treasurer of Porto Rico issues licenses to foreign corporations, his certificate is admissible in evidence to show that a foreign corporation has authority to do business, albeit the lack of a license would not prevent a foreign bank from suing on a promissory note.

PROMISSORY NOTE—IDENTIFICATION—EVIDENCE.—After an expert has identified a promissory note, without objection to his testimony, the said promissory note cannot be attacked on the ground of its not having been identified.

ID.—PART PAYMENT—REMISSION—EVIDENCE.—If an action is brought for less than the face of a note no objection can be made to a remission and no proof of remission is necessary. Moreover the presentation of a note in the hands of any holder puts the burden on the defendant to show that the note has been paid.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellant.

*Messrs. José* and *Alberto Poventud* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Rule 39 of this court requires that the papers forming the transcript of appeal shall be clearly written. A part of the record and appellant's brief are not clearly written but are poor carbon copies. Rules 42 and 43 require that the brief should contain an assignment of errors. The appellant discusses about six errors, one by one, without such specific assignment of error. The assignment of errors is something like the pleading of an appellant and should be separately set forth before discussing the individual errors. We shall, hence, in accordance with rule 43, discuss only the more important matters to show that they are not errors or are not fundamental.

The first alleged error relates to the supposed failure of the complaint to show that the creditor in this case exhausted the remedies by excussion before beginning suit. The averment of the complaint was that the debtor had no property from a time previous to the maturity of the note. We think this averment was sufficient, especially as the duty is thrown on a surety to point out the realizable property, if any, of the debtor. *Fantauzzi* v. *Vázquez et al.*, 22 P. R. R. 671.

The appellant objected to the admission of a certificate by the Treasurer of Porto Rico purporting to show that the complainant was a Canadian Corporation duly organized under the laws of Porto Rico. The objection insisted on was that the Secretary of Porto Rico was the proper person to certify to a foreign corporation and not the Treasurer. We are inclined to agree with the appellee that as the Treasurer must issue a license for a foreign corporation to do business in Porto Rico he is a competent person to certify to such doing of business. In any event the lack of capacity to sue was not urged as a ground of objection. The lack of a license would not prevent the bank from suing on a note and the averment in the complaint of a privilege of doing business in Porto Rico was surplusage.

Under the third alleged ground of error the appellant attempted to cover a multitude of things. The first was that the note had not been duly identified. More specifically this meant that the endorsements were not sufficiently proved. For lack of an adequate argument we shall not discuss the question of whether the holder of a note is relieved of the necessity of proving the signatures of the intermediate endorsees, for we think there was proof in this case tending to prove the signatures, although not very strong. An assistant teller (*contador*) testified to the genuineness of the signatures and stated as his source of knowledge other signatures of the same endorsees that he had seen in the usual course of business. Technically, moreover, no objection was made that a proper foundation was not laid qualifying the witness to testify. He was allowed to testify as to the signatures without specific objection on such ground, but objection and exception only were taken to the admission of the note after the witness had testified. It is interesting to note that the appellant complained that he was not ready to object to the note because he had not sufficiently cross-examined the witness when he should really have objected to the testimony of the witness as to the signature. The appellant is mistaken when he says there was no proof of the signature of one of the endorsees, the Irving National Bank. On pages 3, 8 and 9 of the statement of the case the witness testifies to his knowledge of the signature of the "assistant" of the Irving National Bank.

Under the same error there is an allusion to the fact that appellee did not prove clearly how much of the note had been paid. As we understand it, the appellee only was attempting to recover a part of the face of the note, as a part had been paid by another surety. It would seem common sense that if a complainant is suing for less than the face of a note, no objection can be made to a remission and no proof of remission is necessary. In addition, a fact that seemed to escape everybody, the presentation of the note in

the hands of any holder puts the burden of proof on a defendant to show that a note has been paid.

. There was sufficient proof of the lack of property in the debtor enabling the complainant to sue the surety, and the other errors alleged do not merit any special attention.

. . The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.